IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 08-0059 |
| | ) | |
| DONTA JAVON BELL, | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM ORDER

Defendant, Donta Javon Bell, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). [doc. no. 50]. In short, Bell asks the Court to reduce his 135 month sentence of incarceration to a 87 month sentence due to changes made by the Fair Sentencing Act of 2010 ("the FSA") to the criminal statutes and sentencing guidelines governing the possession and distribution of crack cocaine. We conclude that Bell is entitled to a sentence reduction, but that a 15 month reduction is all that is warranted under the circumstances of this case.

Bell was sentenced in October of 2008. He stipulated to possessing 167.7 grams of crack cocaine, which is the amount of crack Bell sold to confidential informants during controlled buys in 2007. When Bell was sentenced his total offense level was 31, after adjustments for possession of a dangerous weapon and acceptance of responsibility. At a criminal history category of III, Bell's guideline range was 135 to 168 months

imprisonment. Bell's possession of more than 50 grams of crack cocaine made him subject to a statutory mandatory minimum sentence of 120 months imprisonment, which, as just summarized above, was less than his sentencing guidelines range in any event. 21 U.S.C. § 841(b)(1)(A).

Among other things, the FSA raised the amount of crack cocaine needed to trigger a ten-year statutory mandatory minimum sentence from 50 grams, to 280 grams. As a result, if Bell were sentenced today he would not be subject to a ten-year statutory mandatory minimum sentence because he only possessed 167.7 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A); but see 21 U.S.C. § 841(b)(1)(B) (making Bell subject to a five-year statutory mandatory minimum sentence under the post-FSA statute). In addition, under post-FSA amendments made to the federal sentencing guidelines, Bell's guideline range would now be 87 to 108 months imprisonment. U.S.S.G. § 2D1.1 (total offense level of 27 and criminal history category III). Based on these changes to the federal statutes and the sentencing guidelines, Bell asks that his sentence be reduced from 135 months imprisonment to 87 months imprisonment. Although we agree that Bell is entitled to a sentence reduction, we disagree that he is entitled to a reduction of 48 months.

The circumstances under which a court may modify a final sentence are limited. Bell contends that he qualifies for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), because the Sentencing Commission made its post-FSA, crack cocaine amendments retroactive. See U.S.S.G., §§ 1B1.10(c) and 2D1.1, Amend. 750 and 759. Bell is correct that the retroactive amendment of a sentencing guideline is grounds for a reduction in sentence under 18 U.S.C. § 3582(c)(2). And Bell is also correct that under the post-FSA amendments, his guidelines range is reduced from 135 to 168 months to 87 to 108 months imprisonment. However, Bell further contents that we must apply not only the post-FSA sentencing guidelines in this section 3582(c)(2) proceeding, but also the post-FSA statutes which would reduce his mandatory minimum sentence from 120 months imprisonment to 60 months imprisonment. Bell is incorrect on this point.

The Court of Appeals for the Third Circuit has held that sentence-reduction proceedings under section 3582(c)(2) are limited to consideration of a retroactive sentencing guideline amendment, and do not entitle a defendant to a full de novo resentencing. U.S. v. McBride, 283 F.3d 612, 615 (3d Cir. 2002). The United States Supreme Court has also recently reviewed the scope of section 3582(c)(2) proceedings and stated that the text of the statute, "…together with its narrow scope,

3

shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. U.S., __ U.S. __, 130 S. Ct. 2683, 2691 (2010).

By its very terms, section 3582(c)(2) authorizes a sentence reduction "…in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…" only "…if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under the applicable guidelines policy statement, a sentence reduction is not authorized if the amended guideline "…does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10(a)(2)(B) and cmt. n.1(A). According to this policy statement, Bell's sentence cannot be reduced below 120 months imprisonment if he remains subject to the 120 month statutory mandatory minimum sentence that he received at his 2008 sentencing.

The Court of Appeals for the Third Circuit has consistently ruled that the FSA's amendments to the statutory mandatory minimum sentences for crack cocaine offenses do not apply to defendants who were sentenced before the August 3, 2010 effective date of the FSA. 21 U.S.C. § 841; U.S. v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010); see also, U.S. v. Surratt, 453 Fed. Appx. 202, (3d Cir. Nov. 29, 2011); U.S. v. Bullard, 440 Fed. Appx. 81, 83 (3d Cir. Jul. 29, 2011); U.S. v. Jefferson, 437 Fed. Appx. 194 (3d Cir. Jul. 15, 2011). However, the Supreme Court of the United States has now held, in agreement with the Court of Appeals for the Third Circuit, that the FSA's lower statutory mandatory minimums do apply to those defendants who were sentenced after the effective date of the FSA, even if they were convicted before that date. Dorsey v. U.S., __ U.S. ___, 132 S.Ct. 2321, 2335 (2012); U.S. v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011) (same); see also, U.S. v. Turlington, 2012 WL 4237611 (3d Cir. Sep. 21, 2012) (finding that Dorsey does not "…disturb [Reevey's] basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA").

Bell is a <u>Reevey</u> defendant, and not a <u>Dorsey</u>/<u>Dixon</u> defendant because he was sentenced before the effective date of the FSA. Moreover, as summarized above, section 3582(c)(2) proceedings are limited in scope and are not plenary or <u>de novo</u> resentencings. As such, Bell cannot credibly argue that his circumstances are distinguishable from those in <u>Reevey</u>. Notably, Bell himself recognizes that he cannot obtain the full extent of relief that he requests in this sentence-reduction proceeding, by asking "…that his sentence be vacated and that he be re-sentenced to a total term of imprisonment of 87 months." [doc. no. 50 at ¶ 10]. We can neither "vacate" a sentence, nor "re-sentence" a defendant in a 3582(c)(2) proceeding.

Although we appreciate the fairness and consistency arguments Bell makes, they carry no weight here given the holdings in <u>Reevey</u> and <u>Dorsey</u>/<u>Dixon</u>, and Congress' and the Supreme Court's recognition of the limited scope of a section 3582(2)(2) proceeding. Simply put, the only thing that this Court is allowed to do in this proceeding is decide whether it is appropriate to reduce a previously imposed sentence based on a sentencing guidelines range that has been lowered pursuant to 28 U.S.C. § 994(o). Bell's sentencing range has been lowered from 135 to 168 months imprisonment to 87 to 108 months imprisonment pursuant to the retroactive post-FSA amendments made to the federal sentencing guidelines. However, because

Bell was subject to a statutory mandatory minimum sentence of 120 months imprisonment at the time he was sentenced, and because Bell was sentenced before the August 3, 2010 effective date of the FSA and is not entitled to a _de novo_ resentencing under section 3582(c)(2), Bell's modified sentence cannot fall below that 120 month threshold. U.S.S.G. § 5G1.1.

Having found that Bell qualifies for some reduction in his sentence, we must now consider the factors set forth in section 3553(a) in order to ensure that the reduced sentence is sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of section 3553(a). 18 U.S.C. § 3553(a); _Dillon_, 130 S.Ct. at 2691-92. In doing so, we are reminded that the section 3553(a) factors never give a court the authority to reduce a sentence below the statutory mandatory minimum sentence. See, _U.S. v. Kellum_, 356 F.3d 285, 289-90 (3d Cir. 2004).

In this regard we are to consider, first, the nature and circumstances of the offense. Bell's offense, distribution of crack cocaine, was not violent in nature and had no identifiable victims, but was ongoing in nature and part of a larger pattern of criminal activity. Notably, Bell possessed an illegal weapon during the commission of the offense.

We are also to consider the history and characteristics of the Defendant. Bell was in his early twenties when he committed the offense of which he was convicted. Therefore, his conduct may be partially attributed to youthful indiscretion. Bell had a difficult childhood and used drugs and alcohol from a very early age. His criminal history is not extensive, but disturbingly includes Bell's shooting of a victim in the back three times, and other threats to shoot individuals. Bell has served periods of house arrest and incarceration for such crimes. Bell graduated from High School in 2004 but has not been employed consistently since then.

We must also consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Here, Bell pled guilty to one count of distributing crack cocaine. This offense is a Class A felony, and carries with it a statutory penalty of not less than 120 months imprisonment. Defendant's guidelines sentence is 87 to 108 months imprisonment. This is a serious offense.

We are to afford adequate deterrence to the defendant's criminal conduct. Past periods of house arrest and incarceration did not deter Bell's criminal conduct, making a significant period of incarceration appropriate.

We are to protect the public from further crimes of this defendant. Bell's history of gun violence, his involvement in the drug trafficking trade and his admission that he possessed an illegal firearm in connection with that trade all indicate a serious need to protect the public from further crimes.

We are to consider the need to provide defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner possible. Here, Bell would benefit from vocational training and drug treatment.

We are also to consider the kind of sentences available, including federal prison, house arrest, probation, and fines. Here, due to the nature of the crime, we find that incarceration is appropriate.

Finally, we are to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Although these factors weigh in favor of sentencing Bell within the guideline range, even though the guidelines are advisory and not

mandatory, in this case, Bell was and still is subject to a sentence above the guidelines range due to a statutory mandatory minimum sentence.

Based on our consideration of all of these factors, we find that a significant period of incarceration is still warranted. However, it is appropriate under the factors set forth above to reduce Bell's sentence from 135 months incarceration to 120 months incarceration.

WHEREFORE, IT IS HEREBY ORDERED this 13 day of November, 2012, that Bell's Petition for Reduction in Sentencing [Doc. No. 50] is GRANTED, IN PART, as set forth immediately above.

_____, C.J.

cc: All Counsel of Record